UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TOM S. KUNAU,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendant. | **REPORT AND RECOMMENDATION DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Case No. 2:24-cv-00847-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

This action was transferred from the United States Court of Appeals for the Federal Circuit on November 12, 2024 (ECF 1). Plaintiff Tom S. Kunau (Plaintiff) had filed a request to proceed in forma pauperis (IFP) in the Federal Circuit. On November 18, 2024, the court ordered Plaintiff to submit an updated IFP request that complies with the requirements of this court (ECF 5). On November 25, 2024, Plaintiff submitted his Motion for Leave to Proceed IFP (Motion) (ECF 7). In the Motion, Plaintiff asserts that he is without sufficient funds to pay the filing fee and asks the court to waive it. The undersigned submits the following Report and Recommendation and recommends that Plaintiff's Motion be denied. *See Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005) (because such a motion is considered dispositive, the court submits this Report and Recommendation).

**DISCUSSION**

Under 28 U.S.C. § 1915, a federal court may authorize the commencement of a civil action without payment of the fees for a person who lacks the financial means to pay those fees. 28 U.S.C. § 1915(a)(1). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister*, 408 F.3d at 1312. Pursuant to DUCivR 3-2(a)(1), a party must

completeand file a Motion to Proceed In Forma Pauperis to show a financial inability to pay the required fees. *Lister*, 408 F.3d at 1312; *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Proceeding IFP in a civil case "is a privilege, not a right." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the "wide discretion" of the trial court. *Cabrera v. Horgas*, 173 F.3d 863, 863 (10th Cir. 1999) (citations omitted).

Based upon the information contained in the Motion, Plaintiff has not demonstrated a credible financial inability to pay the required filing fee. When asked to provide an explanation of why he cannot pay the cost of these proceedings, Plaintiff responded, "My monthly expenses exceed[] my monthly income"(ECF 7 at 6). Plaintiff lists monthly expenses in the amount of $4,604.00 that does exceed the listed amount of monthly income of $3,155.00 (*id.* at 2, 5). However, Plaintiff also lists the following assets: (1) a home valued at $350,000, (2) a vehicle valued at $17,000, (3) an America First checking account valued at $45,000, and (4) a Wells Fargo checking account valued at $15,000 (*id.* at 3–4).

Plaintiff reports significant assets yet reports an inability to pay the filing fee. Plaintiff has not provided an explanation of why his assets in excess of $400,000 cannot be used to pay the filing fee of $405. Accordingly, because Plaintiff fails to provide sufficient information to demonstrate an inability to pay the filing fee, the court concludes that Plaintiff is not entitled to proceed without prepayment of fees and recommends that the Motion be denied. *See, e.g.*, *Lister*, 408 F.3d at 1312 (denying IFP status for failing to provide the court with requisite financial information to assess plaintiff's ability to pay the filing fee).

## RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion be DENIED without prejudice (ECF 7).

IT IS FURTHER RECOMMENDED that Plaintiff prepay the full filing fee of $405 within 30 days for this action to proceed.

IT IS ADDITIONALLY RECOMMENDED that Plaintiff be cautioned that failure to fully pay the filing fee within 30 days after this Report and Recommendation will result in dismissal of this action without prejudice.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 9 December 2024.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah